[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Ray Simons, II was found guilty of violating a temporary protection order forbidding contact with his former wife, Linnya Simons. The complaint was tried to a judge sitting without a jury. The trial court imposed a sentence of 180 days and a fine of $1,000. The trial court suspended the sentence and all but $150 of the fine and placed Mr. Simons on probation for a period of two years, conditioned upon his having no contact with Mrs. Simons.
On appeal, Mr. Simons contends in a single assignment of error that the evidence was insufficient to support the finding of guilty, and that the finding of guilty was against the manifest weight of the evidence.
The alleged violation of the temporary restraining order consisted of two threatening phone calls made by Mr. Simons from his home in Lexington, Kentucky to Mrs. Simons at her home in Kettering, Ohio.
The State's evidence consisted of telephone records showing a telephone call from Mr. Simons' residence to Mrs. Simons' residence on December 22, 1997 at approximately 11:00 p.m., and a telephone call from Mr. Simons' residence to Mrs. Simons' residence on December 29, 1997 at approximately 2:45 a.m. The December 22 call was 18.4 seconds long, and the December 29 call was 20.1 seconds long.
Mrs. Simons testified that on the dates of the two alleged phone calls, she resided in Kettering with her fiancee, who had just moved in with her. She testified that she was 95% — 98% certain that the first call was from Mr. Simons. She testified that she had lived with him for four years and was familiar with his voice, and that the caller used familiar "verbiage." She testified to the threatening content of the call. Mrs. Simons testified that she was sure that the December 29 call was from Mr. Simons. She testified that that call was made at 2:45 a.m., was threatening, and that Mr. Simons sounded intoxicated. On cross-examination, Mrs. Simons testified that the parties are currently involved in a custody dispute in Kentucky, that certain affidavits filed in her Kentucky divorce case were not completely accurate, and that the second call was much longer than the first (although the records would establish little difference in the length of the calls).
Mr. Simons admitted that the temporary protection order forbade him from telephoning Mrs. Simons, but he denied making the calls. He agreed that the telephone company records verified calls from his residence to Mrs. Simons' residence on the dates and times in question, but he claimed that he had been framed, explaining how calls could be made to appear to have originated at his residence by tapping into his phone box situated outside of his house. He testified that the custody matter was proceeding well for him.
Mr. Simons' brother, Thomas Simons, a Cincinnati attorney, testified that Mrs. Simons had falsely accused him and his wife of child abuse, and that his brother was a truthful person. Dorothea Adams, Mr. Simons' fiancee, testified that on December 22, Mr. Simons arrived home at 10:45 p.m., and that thereafter he made no phone calls. She testified that on the evening of December 28 and during the early morning hours of December 29, some acquaintances named Patterson were visiting between 11:30 p.m. and 3:00 a.m., and that Mr. Simons had made no phone calls during that time. Elizabeth Patterson corroborated Ms. Adams' testimony as to December 28-29, although she agreed on cross-examination that Mr. Simons was not in her constant presence from 11:30 p.m. to 3:00 a.m. The defense testimony was to the effect that Mr. Simons had not been drinking on either occasion.
On appeal, Mr. Simons argues that the evidence was insufficient to support a finding of guilty, and that the finding of guilty was against the manifest weight of the evidence. Mr. Simons does not contend that there was not evidence tending to support the essential elements of the offense, but rather that Mrs. Simons' testimony was so incredible as to be insufficient to support a finding of guilty or at least such that the testimony and exhibits put forth by Mr. Simons and his witnesses demonstrated by a manifest weight of the evidence that he was not guilty.
Mr. Simons points to the fact that Mrs. Simons first testified that the December 22 call occurred around 8:00 p.m., although she later changed her testimony to say that the call occurred around 11:00 p.m. He also points to the fact that he testified that the custody matter was proceeding well from his point of view, and that Mrs. Simons certainly had a motive to falsify these charges to obtain an advantage in the custody dispute. Mr. Simons also points to Mrs. Simons' affidavits in the Kentucky divorce case and her testimony that the December 29 call was much longer than the December 22 call as further indicators of her unreliability as a witness. He also points to his brother's testimony that Mrs. Simons had falsely accused him and his wife of child abuse.
It is fundamental that assessing the credibility of the witnesses is the province of the finder of fact. The evidence from the phone company established calls from Mr. Simons' residence to Mrs. Simons' residence on the dates and times testified to by Mrs. Simons. The trial court could have reasonably disbelieved Mr. Simons' frame-up theory. The evidence established that Mr. Simons was at his residence on the dates and times that the calls were made. The trial court was not required to believe the testimony of Mr. Simons, Ms. Adams or Mrs. Peterson, that Mr. Simons made no phone calls at the times alleged by the State. In our judgment, the finding of guilty was supported by sufficient evidence and was not against the manifest weight of the evidence. See State v. Jenks (1991), 61 Ohio St.3d 259. State v. Thompkins
(1997), 78 Ohio St.3d 380.
The assignment of error is overruled,
The judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
F. Jay Newberry
E. James Wampler
Hon. Larry W. Moore